# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION AT COLUMBUS

KEITH J. PIPPINS, JR.,

Petitioner, : Case No. 2:21-cv-5226

- vs - District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional Institution,

:

Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 31) to the Magistrate Judge's Supplemental Report and Recommendations (the "Supplemental Report," ECF No. 28) which again recommends that the Petition be dismissed with prejudice. District Judge Sargus has recommitted the case to the Magistrate Judge for further reconsideration in light of the Objections (Order, ECF No. 32).

**Procedural Default**

The Petition in this case pleads seven grounds for relief. Respondent sought dismissal of all grounds except five for procedural default and the Report found that position well taken. Petitioner, who is represented by counsel, objected that the Report had not considered the exception provided in 28 U.S.C. § 2254(b)(1)(B)(ii), to wit "circumstances exist that render such

[state court process] process ineffective to protect the rights of the applicant." The Supplemental Report pointed out that this statute is an exception to the exhaustion doctrine and not to the procedural default doctrine (ECF No. 28, PageID 6928).

Undeterred, Petitioner again argues the applicability of the exhaustion exception without explaining why the distinction between exhaustion and procedural default doctrine does not make an exhaustion exception inapplicable. The distinction is dealt with at length in the Report (ECF No. 28, PageID 6928-29). To explain the distinction textually, one might note that the AEDPA codified the exhaustion doctrine in § 2254(b), whereas Congress left the procedural default doctrine for development in the case law. The exception to exhaustion in 2254(b)(1)(B)(ii) simply does not apply to procedural default; Petitioner cites no authority to the contrary.

However, in a point not dealt with in the Report, Petitioner argues the procedural default found by the Report does not show enforcement of a state procedural rule in the manner required by *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Recall that under *Maupin*, in order to find a procedural default, the habeas court must find (1) an applicable state procedural rule (2) which was actually enforced against the petitioner and (3) that is adequate and independent of federal law and (4) unexcused by cause and prejudice. *Id.* at 138, accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007). Petitioner argues the procedural bar found by the Report – failure to appeal the 26(B) denial in proper form – was not enforced. He argues:

> His [the Magistrate Judge's] reasoning fails to consider that the second step of *Maupin* requires documentation that "the last state court rendering a judgment in the case 'clearly and expressly' state[d] that its judgment rest[ed] on the procedural bar." *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) (emphasis supplied), quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989).

(Objections, ECF No. 31, PageID 6944). But that is an overreading of *Lovins*. In that case the Sixth Circuit found the last reasoned decision of the Tennessee court was ambiguous and did not

mention procedural default at all. But it did not hold that enforcement of the procedural bar must be by judgment. Nor does *Maupin* which merely requires that the state courts actually enforced the procedural sanction.

There is no doubt here that the relevant rule was enforced, but by an agent of the Supreme Court of Ohio, one of its deputy clerks, who refused the filing because of its form. It would be an undue intrusion on the independence of the state judiciary if the federal courts required that enforcement of state procedural rules must always be by judgment. Suppose a rule which abolishes the use of "legal" size paper[1] and forbids the filing of pleadings using that size. Is there any valid federal interest in insisting that the refusal of pleadings in that form must be by judgment?

Petitioner notes that the last state court judgment in the case is the Tenth District's denial of the 26(B) Application (Objections, ECF No. 31, PageID 6945). But of course the Tenth District would not be examining Petitioner's appeal papers to the Ohio Supreme Court.

The Objections then turn to Pippins' argument that the Ohio Supreme Court uses its discretion to allow delayed direct appeals, but does not allow delayed appeals from 26(B) denials (ECF No. 31, PageID 6945-49). This issue has also been dealt with in the Report and Supplemental Report.

The Objections criticize the Supplemental Report for not discussing "cause" and "prejudice" to excuse the procedural default. Actually, the whole discussion of procedural default on the 26(B) appeal is because Petitioner had offered ineffective assistance of appellate counsel as cause for earlier procedural defaults and the Report noted the need to have a favorable state court judgment on ineffective assistance of appellate counsel to have that defect as an excusing cause (Report, ECF No. 23, PageID 6894).

[1] For those who do not remember, the legal profession used to use 8.5" x 13" or 8.5" x 14" paper.

In sum, Petitioner's Grounds One, Two, Six, and Seven, are procedurally defaulted because they were never presented to the Ohio courts and that failure is not excused by ineffective assistance of appellate counsel. Grounds Two, Three, and Four are procedurally defaulted for lack of a contemporaneous objection and that failure is also not excused by ineffective assistance of appellate counsel. Grounds One, Two, Three, Four, Six, and Seven should be dismissed as procedurally defaulted.

**Sufficiency of the Evidence**

The Report recommends dismissing Ground Five, insufficiency of the evidence, on the merits because the Tenth District's decision of this claim is a reasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979)(Report, ECF No. 23, PageID 6904). Petitioner's Objections restated his original argument and the Supplemental Report found no further analysis necessary (ECF No. 28, PageID 6936).

**Conclusion**

Having reconsidered the case in light of both sets of Objections, the Magistrate Judge remains persuaded it should be dismissed with prejudice and a certificate of appealability denied.

November 1, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge