UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEITH J. PIPPINS, JR.,**

      **Petitioner,**

  v.                              Case No. 2:21-cv-5226
                                    JUDGE EDMUND A. SARGUS, JR.
                                    Magistrate Judge Michael R. Merz

**WARDEN, Chillicothe Correctional Institution,**

      **Respondent.**

## OPINION AND ORDER

This habeas corpus case is before the Court on Petitioner Keith J. Pippins, Jr.'s "Amended Objections to Magistrate Judge's First Supplemental Report and Recommendation and Objections to Second Supplemental Report and Recommendation" ("Current Objections," ECF No. 34).  As required by Fed. R. Civ. P. 72(b)(3) and 28 U.S.C. § 636(b)(1), the Court has reviewed the Reports *de novo* with particular attention to the portions objected to by Petitioner.

      **I.**      **Procedural Default**

Seven Grounds for Relief are pleaded in the Petition.  Respondent seeks dismissal of every Ground except Five on the basis of Petitioner's procedural default in presenting these claims to the Ohio courts (Return of Writ, ECF No. 11, PageID 5906-07).  In response Petitioner attempted to excuse these defaults by attributing them to ineffective assistance of appellate counsel.  While conceding that ineffective assistance of appellate counsel can excuse a procedural default, Respondent argues that the ineffectiveness claim must not itself be procedurally defaulted (Return, PageID 5909 (relying on *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000))).  Noting that Petitioner had attempted to litigate his ineffective assistance of appellate counsel claim by filing an Application to Reopen the Appeal under Ohio R. App. P. 26(B), Respondent noted that Petitioner had failed to file

the appeal in proper form and the appeal was rejected by the Supreme Court of Ohio without consideration of its merits.

Petitioner continues to maintain that "the exception to the **exhaustion** requirement found in Subsection (b)(1)(B)(ii) of 28 U.S.C. §2254 excuses his unsuccessful effort to appeal the denial of his Rule 26(B) application." (Current Objections, ECF No. 34, PageID 6968) (emphasis added). Petitioner's counsel recognizes that the Magistrate Judge has distinguished the exhaustion requirement from the procedural default bar and noted the cited statutory exception only applies to exhaustion. (*Id.* at PageID 6969). However, counsel fails to deal completely with this distinction.

Basically, a failure to exhaust argument points to a state court remedy for a constitutional violation that a habeas petitioner has not but could still pursue. For example, Ohio has a procedure for hearing claims that a conviction is unconstitutional which depend for proof on evidence *dehors* the trial court record. Ohio Rev. Code § 2953.21; *State v. Milanovich*, 42 Ohio St. 2d 46 (1975); *Saylor v. Overberg*, 608 F.2d 670 (6th Cir. 1979). If such an action could still consider a habeas petitioner's claim, he must exhaust that remedy, including appeal to the Ohio Supreme Court. Under those circumstances, the district court is authorized to stay a habeas proceeding pending exhaustion of that remedy. *Rhines v. Weber*, 544 U.S. 269 (2005).

The statutory exception on which Petitioner relies excuses a failure to exhaust if "circumstances exist that render such process ineffective to protect the rights of the [habeas] applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). As the Magistrate Judge has pointed out, this statute has nothing to do with procedural default. Exhaustion doctrine was codified on adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) ("AEDPA"), but Congress did not attempt to codify procedural default doctrine, which has depended on case law for its development. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). The

2

Court agrees with the Magistrate Judge that 28 U.S.C. § 2254(b)(1)(B)(ii) cannot be used to excuse a procedural default.

The second step of procedural default analysis requires that the state procedural rule invoked by a respondent must actually have been enforced. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Petitioner argues at length that the state procedural rule must have been enforced by a state court **judgment** (Current Objections, ECF No. 34, PageID 6969-71). The Magistrate Judge rejected this proposition as an overreading of *Lovins v. Parker*, 712 F.3d 283 (6th Cir. 2013). Petitioner objects that it is based on a plain reading of *Harris v. Reed*, 489 U.S. 255 (1989).

The Court disagrees. The Supreme Court has held that after *Harris*, "federal courts . . . will presume there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" *Coleman v. Thompson*, 501 U.S. 722, 734-35 (1991) (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-1041 (1983)). "A predicate to the application of the *Harris* presumption is that the decision of the last state court to which the petitioner presented his federal claims must fairly appear to rest on federal law or to be interwoven with federal law." *Coleman*, 501 U.S. at 735; *Simpson v. Jones*, 238 F.3d 399, 407-408 (6th Cir. 2000); *Coe v. Bell*, 161 F.3d 320 (6th Cir. 1998). The *Harris* rule does not apply at all if a petitioner failed to exhaust state remedies and the court to which the petitioner would now be required to present the claims in order to meet the exhaustion requirement would find a procedural bar. In that case, procedural default bars federal habeas review. *Teague v. Lane*, 489 U.S. 288, 297-98 (1989), reiterated in *Coleman*, 501 U.S. at n.1.

In this case it is quite clear that Petitioner's 26(B) appeal was rejected by the Ohio Supreme

3

Court because it did not comply with an Ohio Supreme Court formal practice rule, to wit, that the notice of appeal be accompanied by a copy of the judgment from which appeal was being taken.

Petitioner's reliance on cases holding that the Ohio Supreme Court acts only by judgment is misplaced. The Clerk's action of rejecting Petitioner's appeal was effective—it worked to prevent any further action by the Supreme Court. So was the later action of a clerk in rejecting Petitioner's attempted delayed appeal; that decision was also not embodied in a judgment.

As the Magistrate Judge noted, insistence by the federal courts that the Ohio Supreme Court cannot act except by judgment would be an undue intrusion on the independence of that Court. It would also be insisting on a rule the federal courts do not themselves follow. If you attempt to file a petition for writ of certiorari in the United States Supreme Court after the time for filing has expired, you will not get an order or judgment of that court returning your pleading, you will get a letter from the Clerk refusing it. If you file in our Court a document that is not in .pdf text searchable format, that requirement will be enforced by the Clerk and not by an individualized order. There is no federal constitutional rule requiring that state courts act only by individual order or judgment.

Petitioner next reiterates his argument that because the Ohio Supreme Court frequently allows delayed direct appeals, it must also allow delayed appeals of 26(B) denials (Current Objections, ECF No. 34, PageID 6971-75). Here again Petitioner relies on the exhaustion exception created by 28 U.S.C. § 2254 (b)(1)(B)(ii). As held above, this exception applies only to excusing lack of exhaustion, not procedural default.

Petitioner next argues that the rule enforced against him is not an "adequate and independent state ground of decision" (Current Objections, ECF No. 34, PageID 6977-78). He makes no claim that the rule somehow disfavors federal claims. Instead, he focuses on its asserted

inadequacy to protect a valid state interest.

Petitioner's principal reliance here is on *Smart v. Scully*, 787 F.2d 816 (2d Cir. 1986). Conceding it is not binding precedent as the Reports note, Petitioner reminds us that "the Sixth Circuit itself frequently consults decisions from other circuits for guidance when there is no binding Circuit precedent precisely on point" (Current Objections, ECF No. 34, PageID 6977).

Having considered *Smart*, the Court does not find it persuasive. It suggests that a state procedural rule that does not allow a *pro se* petitioner to correct a "minor technical defect" in a pleading is not an adequate state procedural rule. But what rules are minor or technical? In a sense every procedural rule is "technical."[1] Adopting the rule suggested by *Smart* would require adjudicating that point in numerous additional cases. In announcing the actual innocence exception to procedural default, the Supreme Court held that "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383 (2013). But that language has done little to dissuade *pro se* habeas litigants from claiming actual innocence, requiring the District Courts to search the haystack of untenable actual innocence claims for the needle of the valid claim. *See Brown v. Allen*, 344 U.S. 443 (1953) (Jackson, J., concurring in the result).

The better approach and one which Supreme Court jurisprudence allows is to examine the validity of the state's interest protected by a particular procedural rule and the fit between the rule and that interest. Here the procedural rule is that a copy of the order appealed from must be attached to the notice of appeal. That enables the Ohio Supreme Court to decide quickly whether the appeal is taken from an appealable order, thus protecting its limited jurisdiction. The fit of the instant rule with the interest protected is quite good and this Court defers to that rule, rather than

---

[1] In popular parlance, a criminal defendant who goes free because the arresting officer did not follow in *Miranda v. Arizona*, 384 U.S. 436 (1966), has "gotten off on a technicality."

5

creating an exception requiring labor-intensive adjudication.

Finally, Petitioner claims restrictions on prisoners resulting from the COVID-19 pandemic are the cause for his procedural default. That claim is unpersuasive. Certainly, those restrictions are external to any prisoner litigant, but the Ohio Supreme Court adopted tolling rules to deal with that emergency. Certainly COVID restrictions made it more difficult for prisoner litigants to comply with court rules, but the Court is not persuaded the restrictions are the cause of Petitioner's failure to attach a copy of the order appealed from. Petitioner's First, Second, Third, Fourth, Sixth, and Seventh Grounds for Relief are therefore dismissed as procedurally defaulted.

## II. Insufficiency of the Evidence

In his Fifth Ground for Relief, Petitioner asserts he was convicted of engaging in a pattern of corrupt activity because the State did not adequately prove the existence of an "enterprise." The initial Report concluded the Tenth District's decision of this claim was a not objectively unreasonable application of the relevant governing Supreme Court precedent, *Jackson v. Virginia*, 443 U.S. 307 (1979) (Report, ECF No. 23, PageID 6904). The Supplemental Report noted Petitioner "objects, but relies on the same argument he made to the Tenth District" and offered no additional analysis (ECF No. 28, PageID 6936). The Magistrate Judge reiterated that conclusion in the Second Supplemental Report (ECF No. 33, PageID 6964).

In the Current Objections, Petitioner reiterates his argument, spelling it out in some detail. His key claim is that the State only proved he engaged in a series of drug sales, which is insufficient under Ohio law to prove an enterprise. On the contrary, as the Tenth District found, Petitioner and a single co-defendant engaged together in a series of drug sales, evidencing an association-in-fact which is sufficient under Ohio law to constitute an enterprise. Petitioner emphasizes that the co-defendant was vigorously cross-examined, but ultimately the credibility of witnesses is for the

properly-instructed jury. Nor can this Court substitute its own understanding of Ohio law for that of the Tenth District; the federal reviewing court is generally bound by state court interpretations of state law. *Railey v. Webb*, 540 F.3d 393, 398 (6th Cir. 2008), *quoting Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005); *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).

The Fifth Ground for Relief will accordingly be dismissed with prejudice.

### III.     Certificate of Appealability

The Reports recommend denying a certificate of appealability because reasonable jurists would not disagree with their conclusions that Grounds One, Two, Three, Four, Six, and Seven are procedurally defaulted and Ground Five is without merit. Petitioner objects and seeks a certificate of appealability because:

> The Sixth Circuit has not issued a decision addressing the adequacy of an Ohio procedural rule that permits a prisoner to file a motion for a delayed appeal (to cure a technical error in his paperwork) if he is appealing from a judgment of a court of appeals in a direct appeal, but denies the same opportunity to a prisoner who is appealing a judgment denying an application to reopen a direct appeal.

(Current Objections, ECF No. 34, PageID 6983). While that is a correct statement of the current state of the law, it does not persuade the Court to issue a certificate of appealability. The question posed by the certificate of appealability issue is not whether it would be desirable to have such a decision, but whether a reasonable jurist would disagree with the Court's conclusion that the present state of the law requires the two kinds of delayed appeal to be treated the same.

7

Petitioner calls this approach to the certificate of appealability issue "short-sighted," claiming "[i]t would prevent potentially meritorious issues of first impression from ever reaching a higher court for review." (*Id.* at PageID 6984). Not so. A District Court's ruling on this issue can be renewed before the circuit court for *de novo*[2] consideration. Indeed, Congress in the AEDPA invested the circuit courts with authority to decide this question in the first instance and those courts delegated the question to District Courts on their own initiative.[3] *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

The Court adopts the Magistrate Judge's recommendation that a certificate of appealability be denied.

## IV. Conclusion

For the reasons set forth above, the Court **OVERRULES** Petitioner's Objections (ECF Nos. 26, 31, 34) and **ADOPTS** and **AFFIRMS** the Orders and Reports and Recommendations (ECF Nos. 23, 28, 33). Accordingly, this case is **DISMISSED**. Petitioner's Grounds One, Two, Three, Four, Six, and Seven will be dismissed as procedurally defaulted and Ground Five will be dismissed on the merits. Petitioner is **DENIED** a certificate of appealability. The Clerk is **DIRECTED** to enter judgment in favor of Respondent and close the case.

IT IS SO ORDERED.

**4/4/2025**                                                          s/Edmund A. Sargus, Jr.
**DATE**                                                    **EDMUND A. SARGUS, JR.**
                                                                     **UNITED STATES DISTRICT JUDGE**

---

[2] In other words, the appellate court does not apply either an abuse of discretion or error of law standard in deciding on a certificate.

[3] *See* 28 U.S.C. § 2253(c)(1). The Supreme Court has now endorsed that delegation in Rule 11 of the Rules Governing § 2254 Proceedings.

8